The opinion of the Court was delivered by
Dunkin, C. J.
The testator, David Hall, after devising, for the use of his daughter, the complainant, a tract of land valued at eight hundred dollars, and some inconsiderable articles of personalty at a valuation, devises and bequeaths to her “ an equal share with his other children of his estate, including the above-mentioned land and property in trust” as thereinafter declared. The property of the testator was sold in November, 1860, on a credit of twelve months, with interest from date. A settlement took place before the Ordinary, December, 1862, of the amount due to the respective parties, under the provisions of the testator’s will, and the share of the complainant in the aggregate amount of principal and interest was fixed at $2,414.04. The Chancellor sustained the complainant’s second exception to the Commissioner’s report, on the ground that this was a pecuniary legacy, on which the interest was payable at the end of a year from the testator’s death. The legacy to the complainant was of “ an equal share with his other children of his estate.” It was therefore a common fund until the estate was sold, and the apportionment made, and the accruing interest was properly brought into this fund. The bequest to the plaintiff was not a legacy of a particular sum, on which interest was payable twelve months after the testator’s death, but the share of an aggregate fund to be afterwards ascertained. The account stated by the Commissioner is based on this principle, and the exception should have been overruled.
*188 The second ground of appeal from the Chancellor’s decree is founded on a misapprehension of the efficacy of the defendant’s answer. The trustee admits the receipt of the trust fund belonging to the plaintiff, but seeks to discharge hiiñself by alleging an investment of a portion of the fund in Confederate securities. In Hart vs. Ten Eyck, 2 Johns. Ch. 62, Chancellor Kent says: “ Where the defendant, by his answer, admits a fact, and insists upon a distinct fact by way of avoidance, he must prove the fact so insisted on in defence.” And in our own case of Ison vs. Ison, 5 Rich. Eq. 15, the Court used this language: “ Defendant in his answer admits the gift, and whatever he says afterwards of payments made was matter in avoidance, and is not proved by the answer, but must be established by evidence aliunde.”
This is the clear and well-established rule on the subject. Apart from the defendant’s answer, it is difficult to say, that there is any evidence of the investment of the plaintiff’s money. The averment of the answer is, that “ some time in 1863, the defendant made the investment.” This is very general. Cunningham proves that, in the spring or early summer of 1863, he purchased cotton from the defendant for about $1,200 ; that, at defendant’s request, this sum was funded in seven per cent. Confederate States bonds. It was funded in defendant’s name, and the bonds transferred to him; does not remember being told that the bonds were for his sister, the plaintiff. There is no proof that the defendant then, or afterwards, advised his sister, or any one else, of the investment. But, further, on 15 May, 1865, two years after the alleged investment, the defendants, as co-executors and trustees of-the plaintiff’s share of her father’s estate, made a return to the Ordinary, commencing 20 November, 1862, and ending 28 November, 1864. In this account no entry is made of any such investment, or of any interest received on account of the same. Certainly this negative evidence is not conclusive, but, in the absence of *189 explanation, it affords additional vindication of the judgment of the Chancellor.
Costs are not generally the subject of appeal, but we think the discretion of the Chancellor was properly exercised.
It is ordered and decreed that so much of the decree as sustains the plaintiff’s second exception to the Commissioner’s report be reformed. In all other respects the decree is affirmed, and the appeal dismissed.
Wardlaw and Inglis, J. J., concurred.

Decree modified.